# IN THE UNITED STATES COURT OF APPEALS
# FOR THE FIFTH CIRCUIT

United States Court of Appeals
Fifth Circuit

**FILED**

July 9, 2020

Lyle W. Cayce
Clerk

No. 19-50468
Summary Calendar

ANTHONY KINTA WEBB,

Petitioner–Appellant,

versus

LORIE DAVIS, Director,
Texas Department of Criminal Justice, Correctional Institutions Division,

Respondent–Appellee.

Appeal from the United States District Court
for the Western District of Texas
No. 6:18-CV-270

Before HIGGINBOTHAM, SMITH, and OLDHAM, Circuit Judges.

PER CURIAM:*

Anthony Webb, Texas prisoner #2077771, moves for a certificate of

---

* Pursuant to 5TH CIRCUIT RULE 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIRCUIT RULE 47.5.4.

appealability ("COA") to appeal the denial of his 28 U.S.C. § 2254 petition challenging his conviction of assault by occlusion and the associated sentence. To obtain a COA, a petitioner must make "a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2); *Miller-El v. Cockrell*, 537 U.S. 322, 336 (2003). If the district court denies relief on the merits, the petitioner must establish that reasonable jurists would find the district court's assessment of the claims debatable or wrong. *Slack v. McDaniel*, 529 U.S. 473, 484 (2000). If relief is denied on procedural grounds, a COA should issue if the petitioner demonstrates, at least, that jurists of reason would find it debatable whether the application "states a valid claim of the denial of a constitutional right and that jurists of reason would find it debatable whether the district court was correct in its procedural ruling." *Id.*

Webb contends that his right to a speedy trial was violated and that the trial court violated his due process rights by failing to instruct the jury on a lesser-included offense. He maintains that the evidence was insufficient to support his conviction and that the district court erred in dismissing his claim of insufficient evidence on procedural grounds. Webb asserts that trial counsel was ineffective in several respects and that appellate counsel was ineffective for failing to challenge the enhancement of his sentence on account of a prior conviction. He also asserts that the prosecution violated his due process rights by failing to correct false testimony and violated *Brady v. Maryland*, 373 U.S. 83 (1963). Because he has failed to make the requisite showing on any of the above claims, the request for a COA is DENIED. *See Slack*, 529 U.S. at 484.

Webb also contends that the district court erred by failing to conduct an evidentiary hearing. To the extent that Webb seeks a COA on that issue, his request is construed "as a direct appeal from the denial of an evidentiary hearing." *Norman v. Stephens*, 817 F.3d 226, 234 (5th Cir. 2016). Because

No. 19-50468

Webb has failed to demonstrate that the district court abused its discretion in denying an evidentiary hearing, we AFFIRM.  *See Cullen v. Pinholster*, 563 U.S. 170, 185−86 (2011); *Norman*, 817 F.3d at 235.  Webb's motion for the appointment of counsel is DENIED.